IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT DOUGLAS LYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-01065 |
| ) | |
| MONTGOMERY COUNTY JAIL, ) | Judge Campbell |
| CORRECT CARE SOLUTIONS, ) | |
| NURSE [F/N/U] ISON, and ) | |
| PAUL CARTER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Robert Douglas Lyle, a state prisoner incarcerated at the Montgomery County Jail in Clarksville, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983, naming four defendants: the Montgomery County Jail, Correct Care Solutions, Nurse Ison, and Deputy Paul Carter. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.      Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or that challenges the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim for which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits.").

## II. Factual Allegations

The plaintiff alleges that (1) he received little or no food on his food trays on one particular day; (2) female guards "look at inmates showering" (ECF No. 1, at 6); (3) Deputy Paul Carter was unable to answer the plaintiff's questions about his "state time" (*id.*); (4) Nurse Ison has failed to provide any medical treatment at all for the plaintiff's hemorrhoids; (5) female nurses and doctors examine male inmates and male nurses and doctors examine female inmates; and (6) the jail permits the search of cells when inmates are not present. Although the plaintiff alleges that most of these events occurred on a specific date, the Court accords him the benefit of the doubt and presumes at this juncture that, for instance, female guards have watched male inmates showering, medical practitioners have treated opposite-gender inmate patients, and the plaintiff's cell has been searched in his absence on an ongoing basis.

The plaintiff asserts that these actions violated his rights under the Fourth and Eighth Amendments to the United States Constitution. He seeks relief under 42 U.S.C. § 1983 in the form of an injunction (1) requiring the Tennessee Department of Corrections to provide counselors for inmates; (2) requiring the jail to provide more food to inmates; (3) permitting Nurse Ison to examine or care for female inmates only, not male inmates; (4) allowing only male guards to observe male inmates showering; and (5) having "Paul Carter do Deputy things and not state inmates things" (ECF No. 1, at 7). The plaintiff also demands compensatory and punitive damages against Correct Care Solutions based on its failure to provide any medical treatment for the plaintiff.

## III. Discussion

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533

(6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

As an initial matter, the Court observes that the Montgomery County Jail is a building facility operated by the Montgomery County Sheriff's Office, which is, in turn, a division of Montgomery County. The jail is not a "person" or a suable entity under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb.4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). The Court, however, liberally construes the complaint as asserting a claim against Montgomery County itself. The county, as a municipal entity, may be subject to liability under 42 U.S.C. § 1983, but only to the extent that there is a direct causal link between the alleged constitutional violation and a policy or custom of the county. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

In this case, the complaint, liberally construed, alleges that, as a matter of policy, female guards are or have been permitted to observe male inmates showering. The Sixth Circuit has recognized that "a prison policy forcing prisoners to be searched by members of the opposite sex or to be exposed to regular surveillance by officers of the opposite sex while naked---for example while in the shower or using a toilet in a cell—would provide the basis of a claim on which relief could be granted." *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004) (citing *Kent v. Johnson*, 821 F.2d 1220, 1226 (6th Cir. 1987); *Cornwell v. Dahlberg*, 963 F.2d 912, 917 (6th Cir. 1992)). It remains to be determined whether the jail policy in this case violated the plaintiff's constitutional rights, but at this juncture, the Court finds that the complaint states a colorable claim for relief against Montgomery County.

The plaintiff's claim against Nurse Ison is based on her alleged denial of the plaintiff's request for medical care and treatment of his hemorrhoids. The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis for asserting a § 1983 claim of deliberate indifference to serious medical needs. Prison officials' deliberate indifference violates an inmate's rights "[w]hen the indifference is manifested by . . . [jail officials] in intentionally denying or delaying access to medical care" for a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Although there remain questions about whether the plaintiff's medical need was sufficiently serious and whether Nurse Ison was actually aware of and intentionally disregarded the plaintiff's medical need, the Court finds, for purposes of the initial review, that the

complaint states a colorable claim against Nurse Ison.

The complaint, however liberally construed, does not state a claim against Deputy Paul Carter under § 1983 or state law based on Carter's inability to answer the plaintiff's questions about his "state time." The plaintiff has not identified which constitutional right he believes was violated by Deputy Carter's alleged ignorance of the plaintiff's status, nor has the plaintiff shown that Deputy Carter had any responsibility to the plaintiff for being in possession of the information the plaintiff sought. The claims against Deputy Carter will be dismissed with prejudice.

The complaint fails to state a claim against Correct Care Solutions based on its policy of allowing female medical practitioners to examine and treat male inmates. Under the Eighth Amendment, prisoners do not have the right to choose a specific form of treatment or a specific medical practitioner, so long as the treatment provided is reasonable and the medical practitioner is adequately qualified. Medical care does not constitute a search that falls within the purview of the Fourth Amendment. And, as a matter of common sense and common practice in this country, even outside the prison setting, medical practitioners of both genders treat patients without regard to gender, such that a male prisoner's receipt of treatment from a female nurse, nurse practitioner, or doctor would not implicate the prisoner's Fourteenth Amendment right to privacy.

The plaintiff also fails to state an Eighth Amendment claim based on receiving an inadequate quantity of food on one day. Although deprivations of "essential food" can trigger Eighth Amendment protections, isolated incidents and deprivations which cause mere discomfort or inconvenience do not state a claim for relief. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992) (requiring extreme or grave deprivation). The plaintiff does not claim to have lost weight or suffered any adverse effect resulting from one day's worth of inadequate food. He simply does not allege sufficient facts to allow the Court to draw the inference that he was deprived of the basic requirement of food, as opposed to merely suffering short-term discomfort when he did not receive as much food as he would have liked during the course of one day.

Likewise, jail officials' search of the plaintiff's cell in his absence does not violate his constitutional rights. The plaintiff does not contest jail authorities' security need to conduct searches, nor does he object to the way in which the searches are conducted. He does not allege that he has been deprived of personal

property without due process. Rather, he contests the search solely on the basis that it was conducted in his absence. The Fourth Amendment generally prohibits the government from conducting unreasonable searches, but the Supreme Court has held that the Fourth Amendment does not apply to cell searches, because "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

## IV. Conclusion

The plaintiff's claim against Montgomery County based on an alleged jail policy of allowing female guards to observe male inmates in the showers will be permitted to proceed. His claim against Nurse Ison based on allegations of deliberate indifference to a serious medical need will be permitted to proceed. The plaintiff's remaining claims against the remaining defendants will be dismissed under the PLRA for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

Todd Campbell
United States District Judge