IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROBERT DOUGLAS LYLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:15-cv-01065 |
| | ) | Judge Crenshaw / Frensley |
| MONTGOMERY COUNTY, et al | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I.  Introduction and Background

This matter is before the Court upon Defendant Jessica Ison's Motion for Summary Judgment.  Docket No. 26.  Along with that Motion, Defendant has filed a supporting Memorandum of Law (Docket No. 27), a Statement of Undisputed Material Facts (Docket No. 28), and the Affidavits of Jessica Ison ("Ison Aff.") (Docket No. 26-1) and Cynthia Evans ("Evans Aff.") (Docket No. 26-2), as well as Plaintiff's Jail medical records (Docket Nos. 26-3 - 26-7).

Plaintiff has not responded to Defendant's Motion or Statement of Undisputed Material Facts, nor has he filed his own Statement of Undisputed Material Facts.

Plaintiff originally filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging the following:

> 1.)  On or About Aug. 5, 2015 I have been received little or no food on my trays.
>
> 2.)  On or About Aug. 10, 2015 Female Deputy's look at inmates showering.

> 3.) On or About Sept. 26, 2015 Deputy Paul Carter could not give
> me any answers to my questions about my state time at all.
>
> 4.) Nurse Ison RN has not or have I [*sic*] received - medical
> treatment for hemorrhoids 9-28-2015
>
> 5.) Female nurses look at male inmates and male doctor's and
> male nurses look at female inmates. 9-28-2015
>
> 6.) Search of cells with inmates not there when cell is searched.

Docket No. 1.

An Order entered on October 14, 2015, dismissed all of Plaintiff's claims against Montgomery County except for his claim related to female guards being able to see male inmates while they were showering and all of his claims against the other named Defendants except his deliberate indifference to a serious medical need claim against Nurse Jessica Ison for not treating his hemorrhoids on September 28, 2015.[1] *See* Docket Nos. 3, 4.

Defendant Jessica Ison filed the instant Motion and supporting materials arguing that Plaintiff cannot establish either that he had a serious medical need or that Defendant acted with deliberate indifference to any such need. Docket No. 27. Defendant acknowledges that whether a hemorrhoid is a serious medical need has not been definitively answered by the courts, but

---

[1] Plaintiff originally sued the Montgomery County Jail, Correct Care Solutions, Nurse Jessica Ison, Paul Carter, and Montgomery County. *See* Docket No. 1. Plaintiff's claims against the Montgomery County Jail, Correct Care Solutions, and Paul Carter were dismissed in an Order entered October 14, 2015, however, and they were terminated as parties in this action. *See* Docket Nos. 3, 4. The only remaining Defendants, therefore, are Montgomery County and Nurse Jessica Ison. Defendant Montgomery County filed a "Motion to Dismiss Plaintiff's Complaint, or in the Alternative for Summary Judgment" (Docket No. 29), which the undersigned recommend be granted in a Report and Recommendation filed on February 8, 2017 (Docket No. 34). Accordingly, the only claims still pending before the undersigned are the instant claims against Defendant Jessica Ison.

notes that a "couple of cases" within the Sixth Circuit "have suggested that a hemorrhoid is not a sufficiently serious medical need to support a Section 1983 claim." *Id., citing Williams v. McLemore,* 1999 U.S. Dist. LEXIS 12634, at *17 (E.D. Mich. 1999); *Voorhees v. Huber*, 2010 U.S. Dist. LEXIS 82102, at *3 (W.D. Ky. 2010); *Cole v. Tennessee*, 2014 U.S. Dist. LEXIS 99353, at *3 (M.D. Tenn. 2014)..

Defendant argues that, as an initial matter, there was no evidence that Plaintiff's hemorrhoid was a life threatening condition, posed a serious risk to his health, or worsened on the day in question. *Id.* Defendant further argues that hemorrhoids are a condition that does not necessarily require attention from a physician to be treated. *Id.*, *citing* Ison Aff., ¶ 8. She notes that hemorrhoids are commonly treated with over-the-counter topical creams and suppositories, and adds that in some instances, hemorrhoids can resolve without any medical attention. *Id.* Defendant asserts that the existence of a hemorrhoid does not necessarily mean that Plaintiff would be at risk to develop a more serious health condition. *Id.*

Defendant additionally argues that Plaintiff did receive medical attention on September 28, 2015 for his hemorrhoid. *Id.* Defendant notes that, on September 28, 2015, Plaintiff received medical attention for his hemorrhoid from Nurse Courtney Steele and Nurse Andrew Lynch, and ultimately received attention from a physician who prescribed an over-the-counter topical cream and suppository for Plaintiff's hemorrhoid. *Id., citing* Plaintiff's medical records, Exhibits 2, 3, 4.

Moreover, Defendant argues that Plaintiff cannot demonstrate that she was aware of a substantial risk of serious harm to him that she disregarded. *Id.* Defendant notes that Plaintiff's only allegation against her is conclusory in nature and fails to include any facts pertaining to her

conduct. *Id.* Defendant contends that Plaintiff's medical records demonstrate that he received appropriate and timely medical care for his hemorrhoid on the date in question. *Id.* Defendant argues that although Plaintiff may disagree with the course of treatment provided for his hemorrhoid, such disagreement does not constitute deliberate indifference. *Id., citing Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). Additionally, the medical records show that Defendant did not have any direct involvement in the evaluation and treatment of Plaintiff's hemorrhoid; rather, her involvement was limited to observing Nurse Steele's conduct during Plaintiff's sick call examination, during which Plaintiff refused the rectal exam that was necessary to evaluate and treat his hemorrhoid. *Id.* Defendant notes that she was not present later in the day when Plaintiff underwent his rectal examination with Nurse Andrew Lynch and received treatment orders from the on-call physician. *Id.* Defendant contends, therefore, that Plaintiff simply cannot demonstrate that she was personally involved in the activities giving rise to his claims, such that she is entitled to a judgment as a matter of law. *Id.*

For the reasons set forth below, the undersigned recommends that Defendant Jessica Ison's "Motion for Summary Judgment" (Docket No. 26) be GRANTED.

## II. Undisputed Facts[2]

### A. Relevant Allegations of Plaintiff's Verified Complaint

As pertains to Plaintiff's sole remaining claim against the instant Defendant, Plaintiff asserts that she did not treat his hemorrhoids on September 28, 2015. Docket No. 1.

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

## B. Affidavit of Jessica Ison

At all times relevant to the instant action, Jessica Ison was employed as the Health Services Administrator ("HSA") for Correct Care Solutions, LLC ("CCS") in Montgomery County, and is a registered nurse. Docket No. 26-1, Ison Aff., ¶ 2. As the HSA, her duties include the supervision and coordination of healthcare services at the Montgomery County Jail. *Id.* On occasion, she also treats patients at the Montgomery County Jail. *Id.*

As the HSA, Nurse Ison was present in the sick call room on September 28, 2015, when Plaintiff was evaluated by sick call nurse Courtney Steele, R.N. *Id.*, ¶ 3. Nurse Steele was a recently hired nurse in the last day of her new employee training, so Nurse Ison was present during Plaintiff's evaluation in order to observe Nurse Steele for training purposes and be available to answer any questions Nurse Steele may have. *Id.* Nurse Steele did not ask Nurse Ison any questions during her examination of Plaintiff on that day. *Id.*

Nurse Ison's duties on September 28, 2015 did not include treating patients on sick call. *Id.*, ¶ 4. Although present during Plaintiff's sick call visit on September 28, 2015, Nurse Ison was not directly involved with evaluating and/or treating Plaintiff's hemorrhoid complaint. *Id.*, ¶ 5.

On September 28, 2015, Plaintiff refused a rectal examination from Nurse Steele and/or any female healthcare provider. *Id.*, ¶ 6. Plaintiff requested a male healthcare provider to perform the rectal examination. *Id.* Nurse Steele complied with Plaintiff's request and set up a rectal examination by male nurse Andrew Lynch, R.N., which took place later the same day. *Id.* Nurse Ison was not present when Plaintiff underwent the rectal examination by Nurse Lynch. *Id.*, ¶ 7.

As a registered nurse, Nurse Ison has evaluated and treated patients with hemorrhoids. *Id.*, ¶ 8. Based on her experience, education, and training, Nurse Ison is of the opinion that hemorrhoids are not a life threatening condition and do not pose a serious health risk. *Id.* Additionally, she is of the opinion that hemorrhoids may resolve without medical treatment, are often treated with over-the-counter topical creams and suppositories, and do not necessarily require medical attention from a physician. *Id.*

## C. Affidavit of Cynthia Evans

At all times relevant to the instant action, Cynthia Evans was employed as an administrative assistant and medical records custodian for CCS at the Montgomery County Jail ("Jail"). Docket No. 26-2, Evans Aff., ¶ 2. Ms. Evans is familiar with the medical records of the inmates at the Jail and the manner in which they are created, stored, and maintained. *Id.*

During Plaintiff's incarceration at the Jail, he had numerous visits and appointments with CCS medical personnel. *Id.*, ¶ 3. A record was generated during each visit and each sick call request that was made by Plaintiff. *Id.* True and accurate copies of Plaintiff's relevant medical records from CCS are attached as Exhibits 1-5. *Id.*, ¶ 4.

### III. Analysis

## A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the instant Motion on September 29, 2016. Docket No. 26. Plaintiff has failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Statement of Undisputed Material Facts or file his own Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The

> Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met her burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to

8

that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C. 42 U.S.C. § 1983

### 1. Generally

Plaintiff generally alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of

9

acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## 2. Eighth Amendment

### a. Generally

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

### b. Deliberate Indifference To Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at

291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988), *citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402, *citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994).

**D. The Case at Bar**

Although Plaintiff asserts that Defendant Ison did not treat his hemorrhoids on September 28, 2015, the undisputed medical records establish that Plaintiff's hemorrhoids were, in fact, treated on that date. *See* Docket Nos. 26-1 - 26-7. It is further undisputed that Defendant Ison was present in the sick call room on September 28, 2015, when Plaintiff was evaluated by sick call nurse Courtney Steele, R.N., and that Nurse Steele was a recently hired nurse in the last day of her new employee training, so Defendant Ison was present during Plaintiff's evaluation in order to observe Nurse Steele for training purposes and be available to answer any questions Nurse Steele may have, but Nurse Steele did not ask Defendant Ison any questions during her examination of Plaintiff on that day. Ison Aff., ¶ 3. It is additionally undisputed that Defendant Ison's duties on September 28, 2015 did not include treating patients on sick call, and that,

although present during Plaintiff's sick call visit on September 28, 2015, Defendant Ison was not directly involved with evaluating and/or treating Plaintiff's hemorrhoid complaint. *Id.*, ¶ 4, 5.

Moreover, it is undisputed that on September 28, 2015, Plaintiff refused a rectal examination from Nurse Steele and/or any female healthcare provider, instead requesting a male healthcare provider to perform the rectal examination. *Id.*, ¶ 6. Accordingly, Nurse Steele complied with Plaintiff's request and set up a rectal examination by male nurse Andrew Lynch, R.N., which took place later the same day, but Defendant Ison was not present when Plaintiff underwent the rectal examination by Nurse Lynch. *Id.*, ¶ 6, 7.

Because it is undisputed that Plaintiff received medical attention for his hemorrhoids on September 28, 2015, Plaintiff simply cannot sustain his deliberate indifference claims against Defendant, and she is entitled to a judgment as a matter of law.[3]

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant Ison's Motion for Summary Judgment (Docket No. 26) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

---

[3] Because it is undisputed that Plaintiff received medical care for his hemorrhoids on September 28, 2015, it is unnecessary for the undersigned to render an opinion on whether hemorrhoids constitutes a serious medical condition, and the undersigned declines to do so.

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge
